STATE OF NORTH CAROLINA v. ROBERT JAMES MOSHIER

No. 7312SC609

(Filed 26 September 1973)

1. Criminal Law § 87— allowance of leading question

The trial court in a prosecution for assault with intent to commit rape did not err in allowing the solicitor to ask the victim a leading question.

2. Rape § 18— assault with intent to rape — sufficiency of evidence

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of assault with intent to commit rape, notwithstanding the evidence showed defendant discontinued his efforts in view of the resistance put up by the victim.

3. Rape § 18— assault with intent to rape

The trial court in a prosecution for assault with intent to commit rape did not err in failing to submit the lesser included offense of assault on a female.

APPEAL from *Braswell, Judge,* 7 May 1973 Criminal Session, CUMBERLAND County Superior Court.

Defendant was tried upon a bill of indictment in proper form charging him with a felonious assault with intent to commit rape.

The evidence on behalf of the State was to the effect that on 6 February 1973, the defendant occupied a room in the home of the victim, the victim being a 75-year-old woman. The defendant had rented this room several days prior thereto and was frequently seen by the victim going in and out of the house. On the afternoon in question the victim was in her kitchen cleaning the oven to the stove. She heard a noise behind her and turned and found the defendant standing nude. She screamed, and the defendant grabbed her and ran his hand down her throat cutting off her breath. The victim continued to fight and scratch the defendant. The defendant threw the victim on the floor and pulled her clothes up, and in her words, "He was rubbing his private parts across my stomach. I grabbed hold of his private parts and did my best to hurt him. I think I did."

Thereafter the defendant discontinued his attack and went to his room. The victim then went to a neighbor's house across the street and reported what had happened. The neighbor telephoned police officers and, before they arrived, observed the defendant leave the victim's home. ·

The defendant was picked up by the officers within a short while and taken to the police station. The defendant had blood on his face and showed the effects of scratch marks about his nose and left ear. The defendant denied being at the home that day.

The jury found the defendant guilty of an assault with intent to commit rape; and from a judgment imposing a prison sentence of fourteen years, the defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Emerson D. Wall for the State.*

*Assistant Public Defender Neill Fleishman for defendant appellant.*

CAMPBELL, Judge.

[1] The defendant assigns as error a leading question asked the victim. This was a matter within the discretion of the trial judge, and we find no abuse of that discretion. *State v. Pearson,* 258 N.C. 188, 128 S.E. 2d 251 (1962).

[2] The defendant assigns as error the failure to dismiss the case and in letting it go to the jury. We think the evidence more than ample to take the case to the jury. The fact that the defendant discontinued his efforts in view of the resistance put up by the victim does not vary the result. If the defendant at any time during the assault had an intent to gratify his passion upon his victim notwithstanding any resistance on her part, then the defendant would be guilty of the offense charged. *State v. Gammons,* 260 N.C. 753, 133 S.E. 2d 649 (1963); *State v. Hudson,* 280 N.C. 74, 185 S.E. 2d 189 (1971).

[3] The defendant also assigns as error the failure of the trial judge to submit the case to the jury on the lesser included offense of an assault on a female.

This was not error, for as stated by Lake, Justice, in *State v. Roseman,* 279 N.C. 573, 184 S.E. 2d 289 (1971):

". . . Where all of the evidence tends to show that the offense committed, if any, was that charged in the bill of indictment and there is no evidence tending to show the commission of a lesser, included offense, except insofar as it is a necessary element of the offense charged, the court is not required to submit for the jury's consideration the possibility of a verdict of guilty of such lesser, included offense, or to instruct the jury concerning such lesser offense. . . ."

We have considered the other assignments of error and find them to be without merit.

No error.

Judges MORRIS and HEDRICK concur.